IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EMILIE "EMMA" BERGER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:26-CV-00133 |
| | ) |
| MONROE COUNTY, TENNESSEE, | ) |
| TOMMY JONES II, and | ) |
| CONWAY MASON, | ) |
| | ) |
|     Defendants. | ) |

## ANSWER TO COMPLAINT

Defendants Monroe County, Tennessee, Tommy Jones, II, and Conway Mason (collectively, the "Monroe County Defendants"), by and through undersigned counsel, hereby answer the Complaint [Doc. 1] filed by Plaintiff Emilie "Emma" Berger as follows:

1. Answering the allegations contained in Paragraph 1 of the Complaint, the Monroe County Defendants admit only that Plaintiff purports to bring claims under 42 U.S.C. § 1983 alleging violations of the First and Fourth Amendments and seeking declaratory and equitable relief, compensatory and punitive damages, and other relief. The Monroe County Defendants deny any violation of the Plaintiff's rights, deny that they are liable to the Plaintiff, and deny all remaining allegations set forth in Paragraph 1 of the Complaint. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.

2. Answering the allegations contained in Paragraph 2 of the Complaint, the Monroe County Defendants admit only that Plaintiff has criticized Defendant Tommy Jones, II and the

1

Monroe County Sheriff's Office on Facebook. The Monroe County Defendants deny the allegations of retaliatory motive, action or intent and deny that they took any action to silence Plaintiff's protected speech. The Monroe County Defendants deny any violation of the Plaintiff's rights, deny that they are liable to the Plaintiff, and deny all remaining allegations set forth in Paragraph 2 of the Complaint. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.

3. Answering the allegations contained in Paragraph 3 of the Complaint, the Monroe County Defendants are without sufficient knowledge or information to admit or deny Plaintiff's personal description and the extent of her activities on the identified Facebook group, and accordingly, the same are placed at issue at this time.

4. Answering the allegations contained in Paragraph 4 of the Complaint, the Monroe County Defendants admit that Defendant Monroe County, Tennessee is a political subdivision of the State of Tennessee and that the Monroe County Sheriff's Office is a department within the Monroe County government. The Monroe County Defendants do not contest service of process on Defendant Monroe County, Tennessee. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.

5. Answering the allegations contained in Paragraph 5 of the Complaint, the Monroe County Defendants admit only that Defendant Tommy Jones, II is the duly elected Sheriff of Monroe County, Tennessee. Defendants deny any remaining allegations contained in Paragraph 5 that relate to characterizations concerning the policymaking authority of Defendant Jones beyond that permitted by law. *See e.g., Spainhoward v. White Cty., Tenn.*, 421 F. Supp. 3d 524, 548 (M.D. Tenn. 2019). Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.

6.      Answering the allegations contained in Paragraph 6 of the Complaint, the Monroe County Defendants admit only that Defendant Conway Mason is employed by the Monroe County Sheriff's Office.  Defendants deny that Defendant Mason "improperly" searched Plaintiff's devices and deny all remaining allegations.  Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.

7.      Answering the allegations contained in Paragraph 7 of the Complaint, the Monroe County Defendants admit only that the individual Defendants were acting under color of law at all relevant times pertinent to the Complaint.  Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.

8.      Answering the allegations contained in Paragraph 8 of the Complaint, federal jurisdiction is not disputed by the Monroe County Defendants as to the federal claims alleged against these Defendants.  The Monroe County Defendants deny any violation of Plaintiff's rights and deny that they are liable to the Plaintiff under 42 U.S.C. § 1983.  Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.

9.      Answering the allegations contained in Paragraph 9 of the Complaint, the Monroe County Defendants admit that the County Commission unanimously appointed Defendant Tommy Jones, II to serve as the Sheriff for Monroe County, Tennessee in December 2014 and that in 2016 Defendant Jones was duly elected to serve as the Sheriff for Monroe County by the citizens of Monroe County, Tennessee.  The citizens of Monroe County, Tennessee re-elected Defendant Jones in 2018, and again in 2022.  Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.

10.      The characterizations and allegations contained in Paragraph 10 of the Complaint are denied and strict proof thereof is demanded.  The Monroe County Defendants deny any and all

3

liability to the Plaintiff.

11. Answering the allegations contained in Paragraph 11 of the Complaint, the Monroe County Defendants admit only that Eddie Manning, Steve Miller and Doug Brannon previously sued Monroe County, Tennessee, Randy White and Defendant Tommy Jones, II, which resulted in a Stipulation of Dismissal being filed by the Plaintiffs on or about October 6, 2016. *See* Stipulation of Dismissal, Doc. 95 (PageID #6929), in Case No. 3:15-CV-34-PLR-CCS. The Monroe County Defendants deny the allegations of prior "retaliation," and deny that any such allegations made by Eddie Manning, Steve Miller and Doug Brannon are relevant to Plaintiff's claims against the Monroe County Defendants. The Monroe County Defendants are without sufficient knowledge or information to admit or deny whether, or to what extent Manning, Miller and Brannon allegedly participated in investigations conducted by the Tennessee Bureau of Investigation and District Attorney's Office for the 10th Judicial District regarding vote buying in 2014 when Defendant Tommy Jones, II was not on the ballot for Sheriff, and accordingly, the same are placed at issue at this time  Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.

12. Answering the allegations contained in Paragraph 12 of the Complaint, the Monroe County Defendants admit only that Brian Keith Hodge previously worked for the Monroe County Sheriff's Office and that he was charged and pled guilty to one count of conspiracy to buy votes in violation of 52 U.S.C. § 10307(c) and 18 U.S.C. § 371 on April 3, 2017. *See* Order, Doc. 96 (PageID #903), in Case No. 3:17-cv-00008-TAV-DCP. Upon information and belief, Betty Jane Best similarly pled guilty to conspiracy to buy votes in violation of 52 U.S.C. § 10307(c) and 18 U.S.C. § 371 on September 27, 2018. See Judgment, Doc. 79 (PageID #497), in Case No. 3:17-cv-00008-TAV-DCP. The Monroe County Defendants deny the allegations of prior "retaliation,"

4

and deny that any such allegations related to investigations into Brian Keith Hodge and Betty Jane Best are relevant to Plaintiff's claims against the Monroe County Defendants. The Monroe County Defendants deny any violation of Plaintiff's rights and deny that they are liable to the Plaintiff under 42 U.S.C. § 1983. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.

13. Answering the allegations contained in Paragraph 13 of the Complaint, the Monroe County Defendants admit that Defendant Jones testified on behalf of Brian Hodge while the charges were pending against Mr. Hodge. The Monroe County Defendants deny the allegations of prior "retaliation," and deny that any such allegations related to investigations into Mr. Hodge and Betty Jane Best are relevant to Plaintiff's claims against the Monroe County Defendants. The Monroe County Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 13 of Complaint and, accordingly, the same are placed at issue at this time. The Monroe County Defendants deny any violation of Plaintiff's rights and deny that they are liable to the Plaintiff under 42 U.S.C. § 1983. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.

14. Answering the allegations contained in Paragraph 14 of the Complaint, the Monroe County Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations regarding the Plaintiff's characterization of a purported 2015 public scandal regarding a sale of firearms, and accordingly, the same are placed at issue at this time. The Monroe County Defendants deny any improper conduct, and deny that any such allegations related to this purported scandal are relevant to Plaintiff's claims against the Monroe County Defendants. The Monroe County Defendants deny any violation of Plaintiff's rights and deny that they are liable to the Plaintiff under 42 U.S.C. § 1983. Anything inconsistent with the foregoing is denied and strict

5

proof is demanded thereof.

15. Answering the allegations contained in Paragraph 15 of the Complaint, the Monroe County Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations regarding the Plaintiff's characterization of a purported public scandal regarding the employment of Talena Shaw Holcomb. The Monroe County Defendants admit that Ms. Holcomb was employed by the Monroe County Sheriff's Office and held the position of Jail Lieutenant in 2020. The Monroe County Defendants are without sufficient knowledge or information to form a belief as to the allegations that Ms. Holcomb or members of her family made purchases of personal attempts with attempts to seek reimbursement with public MCSO funds, and accordingly, the same are placed at issue at this time. The remaining allegations contained in Paragraph 15 of the Complaint are denied and strict proof thereof is demanded. The Monroe County Defendants deny any and all liability to the Plaintiff.

16. Answering the allegations contained in Paragraph 16 of the Complaint, the Monroe County Defendants admit that Jamey Frank and two other individuals were indicted for theft of property on April 6, 2022. These Defendants further admit that these charges were nolle prosequi without costs against Jamey Frank on March 27, 2023 for insufficient proof to proceed, and that Mr. Frank was hired by Monroe County after the charges were dismissed. The True Bill and Judgment that are attached to the Complaint as collective Exhibit 1 speak for themselves without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

17. Answering the allegations contained in Paragraph 17 of the Complaint, the Monroe County Defendants admit only that the County's annual financial report notes an ongoing

6

investigation involving the Monroe County Sheriff's Office. These Defendants deny any improper conduct and all remaining allegations set out in Paragraph 17 of the Complaint, and strict proof thereof is demanded. The Monroe County Defendants deny any and all liability to the Plaintiff.

18. The Monroe County Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the Complaint at this time, and accordingly, the same are placed at issue at this time. The Monroe County Defendants deny any and all liability to the Plaintiff.

19. Answering the allegations contained in Paragraph 19 of the Complaint, the Monroe County Defendants admit that Elijah Lester Isbill died in the Monroe County Detention Facility on February 6, 2025. These Defendants further admit that the Regional Forensic Center initially determined that Mr. Isbill died of natural causes before later amending its finding on August 21, 2025 to declare the death a "homicide." The remaining allegations contained in Paragraph 19 of the Complaint are denied and strict proof thereof is demanded. The Monroe County Defendants deny any and all liability to the Plaintiff.

20. The allegations contained in Paragraph 20 of the Complaint are admitted by the Monroe County Defendants.

21. Answering the allegations contained in Paragraph 21 of the Complaint, the Monroe County Defendants admit that no bill was issued for any criminal charges against Defendant Jones and Talena Holcomb. The Monroe County Defendants deny any and all liability to the Plaintiff.

22. The generalized characterizations and allegations contained in Paragraph 22 of the Complaint are denied at this time and strict proof thereof is demanded. The Monroe County Defendants deny any and all liability to the Plaintiff.

23. The Monroe County Defendants are without sufficient knowledge or information

7

to admit or deny the allegations contained in Paragraph 23 of the Complaint at this time, and accordingly, the same are placed at issue at this time. The Monroe County Defendants deny any and all liability to the Plaintiff.

24. Answering the allegations contained in Paragraph 24 of the Complaint, the Monroe County Defendants admit that William Johnson was charged with Unlawful Drug Paraphernalia and Introduction of Contraband in a Penal Institution on February 28, 2022. The affiant for the Affidavits of Complaint for Mr. Johnson's charges was Talena Shaw. The Affidavits of Complaint that are attached to the Complaint as a part of collective Exhibit 5 speak for themselves without any interpretation by the Plaintiff or the Monroe County Defendants. The Monroe County Defendants admit that Mr. Johnson's counsel filed a Notice of Entrapment Defense in defense of his charges on or about April 11, 2025, in which he identified Talena Shaw, Defendant Tommy Jones, II, David Messer and Caleb Kirkland as potential witnesses that may be called to support his entrapment defense. Finally, the Monroe County Defendants admit that District Attorney General Stephen M. Hatchett filed a Motion in Limine in Mr. Johnson's criminal case on April 28, 2025. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

25. Answering the allegations contained in Paragraph 25 of the Complaint, the Monroe County Defendants admit that Caleb Kirkland was indicted for Official Misconduct on December 4, 2024, and Official Misconduct and Money Laundering on February 12, 2025. The True Bills from Mr. Kirkland's indictments that are attached to the Complaint as collective Exhibit 6 speak for themselves without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

26. Answering the allegations contained in Paragraph 26 of the Complaint, the Monroe County Defendants admit that Cody Harrill was indicted for Official Misconduct and Introduction of Contraband into a Penal Facility on May 7, 2025. The True Bill from Mr. Harrill's indictment that is attached to the Complaint as Exhibit 7 speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Further, the Employee Warning Notice from more than three (3) years earlier which is attached to the Complaint as Exhibit 8 speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

27. Answering the allegations contained in Paragraph 27 of the Complaint, the Monroe County Defendants admit that Joshua Steven Duncan was charged with Conspiracy to Introduce Contraband into a Penal Facility on June 23, 2025. The Affidavit of Complaint related to the discovery of the drugs brought into the Monroe County Detention Facility set forth in Exhibit 9 speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Further, the personal identifying information for Mr. Duncan's arrest warrant is redacted in Exhibit 9. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

28. Answering the allegations contained in Paragraph 28 of the Complaint, the Monroe County Defendants admit that Michael Phillip Zackey was charged with Introduction of Contraband into a Penal Facility on October 27, 2025 based on an Affidavit of Complaint made by Defendant Conway Mason. The Affidavit of Complaint related to the discovery of the drugs brought into the Monroe County Detention Facility set forth in Exhibit 10 speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Further, the personal

9

identifying information for Mr. Zackey's arrest warrant is redacted in Exhibit 10. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

29. Answering the allegations contained in Paragraph 29 of the Complaint, the Monroe County Defendants admit that Mitchell Craig Cook was charged with Conspiracy to Sell/Deliver Schedule VI Marijuana in a School Zone (F), Conspiracy to Sell/Deliver Schedule III Suboxone in a School Zone (F), Possession of Schedule III Suboxone for Resale (F), Possession of Schedule VI Marijuana for Resale (F), Sell/Deliver Schedule VI Marijuana in a School Zone (F), Sell/Deliver Schedule III Suboxone in School Zone (F), Conspiracy to Introduce Contraband in Penal Facility, Introduction in Penal Facility (F), and Violation of Sex Offender Registry on March 10, 2026. The Monroe County Defendants further admit that Sierra Boggess was also charged with Conspiracy to Introduce Contraband in a Penal Facility. The Affidavit of Complaints related to the discovery of the drugs at Sequoyah High School that are set forth in Exhibit 11 speak for themselves without any interpretation by the Plaintiff or the Monroe County Defendants. The Monroe County Defendants deny that all of Mr. Cook's personal identifying information was public record and listed on the Tennessee Sex Offender Registry. Defendants further deny that the arrest warrants with Mr. Cook's unredacted social security number and other personal identifying information were public records before Mr. Cook was transported to the Monroe County Detention Facility and booked into the Detention Facility on those charges. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

30. Answering the allegations contained in Paragraph 30 of the Complaint, the Monroe County Defendants admit that Defendant Jones announced certain personnel changes to the

10

Monroe County Sheriff's Office on March 10, 2026. The announcement of these personnel changes which are a part of Exhibit 14 speak for themselves without any interpretation by the Plaintiff or the Monroe County Defendants. Monroe County Defendants deny any attempt by the Plaintiff in Paragraph 30 to suggest that Defendant Jones failed to inform the community of public concerns or safety issues. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

31. Answering the allegations contained in Paragraph 31 of the Complaint, the Monroe County Defendants admit that Jim Kile's campaign announcement, of which excerpts are included as a part of Exhibit 15 speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

32. The Monroe County Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 of the Complaint about the timing and truth of Plaintiff's "support" of Jim Kile this time, and accordingly, the same are placed at issue at this time. The Monroe County Defendants deny any and all liability to the Plaintiff.

33. The Monroe County Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 33 of the Complaint at this time, and accordingly, the same are placed at issue at this time. The Monroe County Defendants deny any and all liability to the Plaintiff.

34. The Monroe County Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 34 of the Complaint at this time, and accordingly, the same are placed at issue at this time. The Monroe County Defendants deny any and all liability to the Plaintiff.

35. Answering the allegations contained in Paragraph 35 of the Complaint, the Monroe County Defendants admit that the Plaintiff, or someone else on Plaintiff's behalf, made several Facebook posts about Defendant Jones and his administration since June 2025. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

36. The allegations contained in Paragraph 36 of the Complaint are denied and strict proof thereof is demanded. The Monroe County Defendants deny any and all liability to the Plaintiff.

37. Answering the allegations contained in Paragraph 37 of the Complaint, the Monroe County Defendants admit that a Facebook post was made by the Plaintiff, or someone else on Plaintiff's behalf on June 3, 2025, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

38. Answering the allegations contained in Paragraph 38 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County Revamped Facebook Group on June 6, 2025, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

39. Answering the allegations contained in Paragraph 39 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County Revamped Facebook Group on June 25, 2025, which speaks for itself without any interpretation

12

by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

40. Answering the allegations contained in Paragraph 40 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County Revamped Facebook Group on June 27, 2025, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

41. Answering the allegations contained in Paragraph 41 of the Complaint, the Monroe County Defendants admit that two posts were made on the Uncensored Voices of Monroe County Revamped Facebook Group on July 5, 2025, which speak for themselves without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

42. Answering the allegations contained in Paragraph 42 of the Complaint, the Monroe County Defendants admit that two posts were made on the Uncensored Voices of Monroe County Revamped Facebook Group on July 5, 2025, which speak for themselves without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

43. Answering the allegations contained in Paragraph 43 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County

Revamped Facebook Group on July 10, 2025, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

44. Answering the allegations contained in Paragraph 44 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County Revamped Facebook Group on July 19, 2025, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

45. Answering the allegations contained in Paragraph 45 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County Revamped Facebook Group on July 31, 2025, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

46. Answering the allegations contained in Paragraph 46 of the Complaint, the Monroe County Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 46 of the Complaint at this time because the Plaintiff failed to cite or link any story that was alleged posted on the Uncensored Voices of Monroe County Revamped Facebook Group. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

47. Answering the allegations contained in Paragraph 47 of the Complaint, the Monroe

14

County Defendants admit that a post with a video clip was posted on the Uncensored Voices of Monroe County Revamped Facebook Group on August 30, 2025, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

48.     Answering the allegations contained in Paragraph 48 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County Revamped Facebook Group on September 4, 2025, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

49.     Answering the allegations contained in Paragraph 49 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County Revamped Facebook Group on September 5, 2025, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

50.     Answering the allegations contained in Paragraph 50 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County Revamped Facebook Group on September 12, 2025[1], which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny

---

[1] While this post is allegedly attached to the Complaint as **Exhibit 29** [Doc. 2-28], the link that is set out in footnote 14 directs you to a post on Facebook that provides that "[t]his content isn't available right now."

15

any and all liability to the Plaintiff.

51.     Answering the allegations contained in Paragraph 51 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County Revamped Facebook Group on October 7, 2025[2], which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants.  Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.  The Monroe County Defendants deny any and all liability to the Plaintiff.

52.     Answering the allegations contained in Paragraph 52 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County Revamped Facebook Group on October 8, 2025[3], which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants.  Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.  The Monroe County Defendants deny any and all liability to the Plaintiff.

53.     Answering the allegations contained in Paragraph 53 of the Complaint, the Monroe County Defendants admit only that a video clip was posted to the Uncensored Voices of Monroe County Revamped Facebook Group on January 17, 2026, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants.  Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.  The Monroe County Defendants deny any and all liability to the Plaintiff.

54.     Answering the allegations contained in Paragraph 54 of the Complaint, the Monroe County Defendants admit only that a video clip was posted to the Uncensored Voices of Monroe

---

[2] While this post is allegedly attached to the Complaint as **Exhibit 30** [Doc. 2-29], the link that is set out in footnote 15 directs you to a post on Facebook that provides that "[t]his content isn't available right now."

[3] While this post is allegedly attached to the Complaint as **Exhibit 31** [Doc. 2-30], the link that is set out in footnote 16 directs you to a post on Facebook that provides that "[t]his content isn't available right now."

16

County Revamped Facebook Group on January 25, 2026, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

55. Answering the allegations contained in Paragraph 55 of the Complaint, the Monroe County Defendants admit only that a video clip was posted to the Uncensored Voices of Monroe County Revamped Facebook Group on January 26, 2026 which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

56. Answering the allegations contained in Paragraph 56 of the Complaint, the Monroe County Defendants admit that a post and video clip was made on the Uncensored Voices of Monroe County Revamped Facebook Group on January 30, 2026, which speak for themselves without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

57. Answering the allegations contained in Paragraph 57 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County Revamped Facebook Group on February 1, 2026, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

58. Answering the allegations contained in Paragraph 58 of the Complaint, the Monroe

17

County Defendants admit that a video clip was posted on the Uncensored Voices of Monroe County Revamped Facebook Group on February 4, 2026, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

59. Answering the allegations contained in Paragraph 59 of the Complaint, the Monroe County Defendants admit that announcement was made on the Uncensored Voices of Monroe County Revamped Facebook Group on February 9, 2026, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

60. Answering the allegations contained in Paragraph 60 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County Revamped Facebook Group on February 12, 2026, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

61. The Monroe County Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 61 of the Complaint at this time because the Plaintiff failed to cite or link any story that was alleged posted on the Uncensored Voices of Monroe County Revamped Facebook Group. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

18

62. Answering the allegations contained in Paragraph 62 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County Revamped Facebook Group on February 24, 2026, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

63. Answering the allegations contained in Paragraph 63 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County Revamped Facebook Group on February 27, 2026, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

64. Answering the allegations contained in Paragraph 64 of the Complaint, the Monroe County Defendants admit only that a post and audio clip was posted to the Uncensored Voices of Monroe County Revamped Facebook Group on January March 2, 2026, which speak for themselves without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

65. Answering the allegations contained in Paragraph 65 of the Complaint, the Monroe County Defendants admit only that a post and audio clip was posted to the Uncensored Voices of Monroe County Revamped Facebook Group on January March 3, 2026, which speak for themselves without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The

19

Monroe County Defendants deny any and all liability to the Plaintiff.

66.     Answering the allegations contained in Paragraph 66 of the Complaint, the Monroe County Defendants admit that a poll was posted on the Uncensored Voices of Monroe County Revamped Facebook Group on March 4, 2026, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants.  Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.  The Monroe County Defendants deny any and all liability to the Plaintiff.

67.     Answering the allegations contained in Paragraph 67 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County Revamped Facebook Group on March 11, 2026, which published the unredacted personal identifying information of Mitchell Craig Cook at the top of an Affidavit of Complaint without Mr. Cook's permission.  The Facebook post that was made by the Plaintiff on March 11, 2026 speaks for itself without any additional interpretation by the Plaintiff or the Monroe County Defendants.  Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.  The Monroe County Defendants deny any and all liability to the Plaintiff.

68.     Answering the allegations contained in Paragraph 68 of the Complaint, the Monroe County Defendants admit that Defendant Conway Mason contacted Plaintiff by telephone on the afternoon of March 11, 2027 about the Plaintiff's online disclosure of the unredacted personal identifying information of Mr. Cook without Mr. Cook's permission.  Plaintiff advised Defendant Mason that she had redacted the personal identifying information after learning that her post included the unredacted personal identifying information of Mr. Cook.  Plaintiff thereafter told Defendant Mason that she reposted the Warrant to Facebook following its redaction.  Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.  The Monroe County

20

Defendants deny any and all liability to the Plaintiff.

69.     Answering the allegations contained in Paragraph 69 of the Complaint, the Monroe County Defendants admit that Detective Daniel Martin filed the Affidavit of Complaint for Mr. Cook and that the Clerk's office issued the arrest warrant for Mr. Cook for Conspiracy to Sell/Deliver Schedule VI Marijuana in School Zone (F) on March 10, 2026.  Monroe County Defendants further admit that Mr. Cook was thereafter arrested on March 10, 2026.  Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.  The Monroe County Defendants deny any and all liability to the Plaintiff.

70.     The allegations contained in Paragraph 70 of the Complaint are denied and strict proof thereof is demanded.  The Monroe County Defendants deny any and all liability to the Plaintiff.

71.     Answering the allegations contained in Paragraph 71 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County Revamped Facebook Group on March 12, 2026, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants.  Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.  The Monroe County Defendants deny any and all liability to the Plaintiff.

72.     Answering the allegations contained in Paragraph 72 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County Revamped Facebook Group on March 13, 2026, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants.  Anything inconsistent with the foregoing is denied and strict proof is demanded thereof.  The Monroe County Defendants deny any and all liability to the Plaintiff.

73. Answering the allegations contained in Paragraph 73 of the Complaint, the Monroe County Defendants admit that Judge Donaghy issued an arrest warrant and a search warrant on March 13, 2026, which speak for themselves without any interpretation by the Plaintiff or the Monroe County Defendants. These Defendants further admit that Plaintiff was charged and arrested with Identity Theft in violation of Tenn. Code. Ann. § 39-14-150(c)(1)(B)-(C) on March 13, 2026. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

74. Answering the allegations contained in Paragraph 74 of the Complaint, the Monroe County Defendants deny that Defendant Tommy Jones, II and the County Attorney for Defendant Monroe County, Tennessee requested that the 10th Judicial District Attorney's Office and/or the Tennessee Bureau of Investigation ("TBI") investigate the Plaintiff. The Monroe County Defendants admit only that Defendant Tommy Jones, II and County Attorney J. Reed Dixon separately requested that an investigation be opened into the identity of person and sources of restricted videos from inside the Monroe County Detention Facility that were being provided to and posted by the Plaintiff. Monroe County Defendants deny that this was a request to "investigate Plaintiff" as characterized by the Plaintiff in Paragraph 74 of the Complaint. The Monroe County Defendants further deny that they investigated or obtained any arrest warrant for Identity Theft from Judge Donaghy on March 13, 2026 with retaliatory animus of the Plaintiff. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

75. The allegations contained in Paragraph 75 of the Complaint are denied and strict proof thereof is demanded. The Monroe County Defendants deny any and all liability to the Plaintiff.

22

76. The Monroe County Defendants deny that the email referenced in Paragraph 76 was sent to Defendant Tommy Jones, II on January 24, 2026. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

77. The Monroe County Defendants specifically aver that the email referenced in Paragraph 77 of the Complaint which was sent by someone purporting to be Plaintiff on January 16, 2026 speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

78. The allegations contained in Paragraph 78 of the Complaint are denied and strict proof thereof is demanded. The Monroe County Defendants deny any and all liability to the Plaintiff.

79. Answering the allegations contained in Paragraph 79 of the Complaint, the Monroe County Defendants deny that any affidavit or statements made by them were false or misleading. Monroe County Defendants admit only that Judge Donaghy issued an arrest warrant and a search warrant on March 13, 2026, which speak for themselves without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

80. Answering the allegations contained in Paragraph 80 of the Complaint, the Monroe County Defendants deny that any statements made by them were false or misleading. Monroe County Defendants admit only that Judge Donaghy issued an arrest warrant and a search warrant on March 13, 2026, which speak for themselves without any interpretation by the Plaintiff or the

23

Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

81. Answering the allegations contained in Paragraph 81 of the Complaint, the Monroe County Defendants deny that any affidavit was false or misleading. Monroe County Defendants admit only that Judge Donaghy issued an arrest warrant and a search warrant on March 13, 2026, which speak for themselves without any interpretation by the Plaintiff or the Monroe County Defendants. The Affidavit of Complaint that the Arrest Warrant was based on provided as follows:

> On 03-11-26 I, Conway Mason was advised that Emilie (Emma) Berger had posted a copy of a warrant for Mitchell Cook on the Facebook Page, Uncensored Voices of Monroe County Revamped. The warrant contained all of Mr. Cook's identifying information such as Social Security Number, Date of Birth, Drivers License Number and name. Upon speaking with Mr. Cook, he advised that he did not give anyone permission to post his personal identification to a social media platform. On this date 03-11-2026, I contacted Ms. Berger who advised that she had redacted the information after being notified and re-posted the warrant. Ms. Berger, the next day created another post on Facebook that she did post the warrant but didn't realize the Social Security number was in it. Based upon these facts and the fact that Ms. Berger did knowingly transfer (B) Under circumstances such that the person should have known that the identifying information would be used by someone else to commit any unlawful act including, but not limited to, obtaining or attempting to obtain credit, goods, services or medical information in the name of the other person; and (C) The person does not have the consent of the person who is identified by the information to sell, transfer, give, trade, loan or deliver, or possess the information. Based upon these facts Emilie Berger is being charged with Identity theft. This occurred in Monroe County Tennessee. Monroe County case number 2026-030648.

Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

82. Answering the allegations contained in Paragraph 82 of the Complaint, the Monroe County Defendants admit that a post was made on the Uncensored Voices of Monroe County

24

Revamped Facebook Group on March 12, 2026, which speaks for itself without any interpretation by the Plaintiff or the Monroe County Defendants. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. The Monroe County Defendants deny any and all liability to the Plaintiff.

83. Answering the allegations contained in Paragraph 83 of the Complaint, the Monroe County Defendants admit that only Plaintiff was arrested for identity theft regarding Plaintiff's Facebook post about Mitchell Cook as she was the only person who published Mr. Cook's social security number, date of birth and driver's license name in violation of Tenn. Code Ann. § 39-14-150(c)(1)(B)-(C). Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. Monroe County Defendants deny any and all liability to the Plaintiff.

84. Answering the allegations contained in Paragraph 84 of the Complaint, the Monroe County Defendants admit only that the search and arrest warrants were executed on Plaintiff on March 13, 2026. The Monroe County Defendants deny that the search or arrest was improper, deny that Plaintiff was subjected to unlawful treatment, and deny any violation of Plaintiff's constitutional rights. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. Monroe County Defendants deny any and all liability to the Plaintiff.

85. Answering the allegations contained in Paragraph 85 of the Complaint, the Monroe County Defendants admit only that the search and arrest warrants were executed on Plaintiff on March 13, 2026. The Monroe County Defendants deny that the search or arrest was improper, deny that Plaintiff was subjected to unlawful treatment, and deny any violation of Plaintiff's constitutional rights. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. Monroe County Defendants deny any and all liability to the Plaintiff.

86. Answering the allegations contained in Paragraph 86 of the Complaint, the Monroe

County Defendants admit only that the Plaintiff was searched by a deputy of the Monroe County Sheriff's Office on March 13, 2026. The Monroe County Defendants deny that the search or arrest was improper, deny that Plaintiff was subjected to unlawful treatment, and deny any violation of Plaintiff's constitutional rights. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. Monroe County Defendants deny any and all liability to the Plaintiff.

87. Answering the allegations contained in Paragraph 87 of the Complaint, the Monroe County Defendants admit only that Plaintiff was searched upon arrival at the Monroe County Detention Facility on March 13, 2026. The Monroe County Defendants deny that the search or her arrest was improper, deny that Plaintiff was subjected to unlawful treatment, and deny any violation of Plaintiff's constitutional rights. Anything inconsistent with the foregoing is denied and strict proof is demanded thereof. Monroe County Defendants deny any and all liability to the Plaintiff.

88. The allegations contained in Paragraph 88 of the Complaint are denied and strict proof thereof is demanded. The Monroe County Defendants deny any and all liability to the Plaintiff.

89. The allegations contained in Paragraph 89 of the Complaint are denied and strict proof thereof is demanded. The Monroe County Defendants deny any and all liability to the Plaintiff.

90. The allegations contained in Paragraph 90 of the Complaint are denied and strict proof thereof is demanded. The Monroe County Defendants deny any and all liability to the Plaintiff.

91. The allegations contained in Paragraph 91 of the Complaint are denied and strict proof thereof is demanded. The Monroe County Defendants deny any and all liability to the

26

Plaintiff.

92.     The allegations contained in Paragraph 92 of the Complaint are denied and strict proof thereof is demanded.  The Monroe County Defendants deny any and all liability to the Plaintiff.

93.     The allegations contained in Paragraph 93 of the Complaint are denied and strict proof thereof is demanded.  The Monroe County Defendants deny any and all liability to the Plaintiff.

94.     The allegations contained in Paragraph 94 of the Complaint are denied and strict proof thereof is demanded.  The Monroe County Defendants deny any and all liability to the Plaintiff.

95.     The allegations contained in Paragraph 95 of the Complaint are meritless, fail to state a claim, are unsupported by facts and law, should be denied, and Plaintiff's Complaint against the Monroe County Defendants should be dismissed.  Monroe County Defendants deny that Plaintiff is entitled to declaratory or injunctive relief against these Defendants and the Plaintiff's prayer for relief should be dismissed.  The Monroe County Defendants deny any and all liability to the Plaintiff.

96.     The allegations contained in Paragraph 96 of the Complaint are meritless, fail to state a claim, are unsupported by facts and law, should be denied, and Plaintiff's Complaint against the Monroe County Defendants should be dismissed.  Monroe County Defendants deny that Plaintiff is entitled to declaratory or injunctive relief against these Defendants and the Plaintiff's prayer for relief should be dismissed.  The Monroe County Defendants deny any and all liability to the Plaintiff.

97.     The allegations contained in Paragraph 97 of the Complaint are meritless, fail to

27

state a claim, are unsupported by facts and law, should be denied, and Plaintiff's Complaint against the Monroe County Defendants should be dismissed. Monroe County Defendants deny that Plaintiff is entitled to recover compensatory damages against these Defendants and the Plaintiff's prayer for relief should be dismissed. The Monroe County Defendants deny any and all liability to the Plaintiff.

98. The allegations contained in Paragraph 98 of the Complaint are meritless, fail to state a claim, are unsupported by facts and law, should be denied, and Plaintiff's Complaint against the Monroe County Defendants should be dismissed. Monroe County Defendants deny that Plaintiff is entitled to recover punitive damages against these Defendants and the Plaintiff's prayer for relief should be dismissed. The Monroe County Defendants deny any and all liability to the Plaintiff.

99. The allegations contained in Paragraph 99 of the Complaint are meritless, fail to state a claim, are unsupported by facts and law, should be denied, and Plaintiff's Complaint against the Monroe County Defendants should be dismissed. Plaintiff is not entitled to any award of attorney fees and costs against these Defendants and the Plaintiff's prayer for relief should be dismissed. The Monroe County Defendants deny any and all liability to the Plaintiff.

100. In response to the allegations contained in Paragraph 100 of the Complaint, the Monroe County Defendants join with the Plaintiff in demanding a trial by jury of this action for all claims that can be so tried by a jury pursuant to Fed. R. Civ. 38. The Monroe County Defendants deny any and all liability to the Plaintiff.

101. The allegations contained in Paragraph 101 of the Complaint are meritless, fail to state a claim, are unsupported by facts and law, should be denied, and Plaintiff's Complaint against the Monroe County Defendants should be dismissed. Plaintiff is not entitled to any general relief

28

against these Defendants and the Plaintiff's prayer for relief should be dismissed.  The Monroe County Defendants deny any and all liability to the Plaintiff.

102.     Anything not expressly admitted or denied is hereby denied as if fully and completely set forth herein.

103.     The Monroe County Defendants deny that the Plaintiff is entitled to recover any damages from them.

104.     The Monroe County Defendants deny any liability to the Plaintiff, and further deny that Plaintiff is entitled to any relief whatsoever in this cause.

105.     The Monroe County Defendants assert that the Plaintiff's Complaint [Doc. 1] fails to state a claim for which relief can be granted against these Defendants and move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

106.     The Monroe County Defendants assert that they are entitled to judgment as a matter of law because the allegations of the Complaint, even if taken as true, fail to establish a legal basis for the relief sought against them.

107.     The Monroe County Defendants further assert that the Plaintiff's Complaint [Doc. 1] fails to comply with Fed. R. Civ. P. 8(a)(2) because it does not contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Instead of providing a concise and clear articulation of discrete causes of action and the factual bases supporting each, the Complaint is an expansive, unfocused missive directed at the Monroe County Defendants that obscures the specific legal and factual grounds for relief.

108.     It is averred that the Complaint's prolixity, argumentative rhetoric, and inclusion of immaterial matter render it neither short nor plain, depriving the Monroe County Defendants of fair notice of the specific claims asserted and the grounds upon which they rest, and hindering

29

these Defendants ability to admit or deny allegations and frame a responsive pleading without undue burden and prejudice. The failure to furnish a clear, concise, and coherent statement of claims impedes the orderly administration of this action, risks unnecessary motion practice and discovery disputes, and frustrates the core purpose of Rule 8 to secure the just, speedy, and inexpensive determination of every action.

109. To the extent applicable, the Monroe County Defendants assert that Defendants Tommy Jones, II and Conway Mason are entitled to qualified immunity under state and federal law. These Defendants affirmatively maintain that their actions and conduct did not violate clearly established statutory or constitutional rights of which a reasonable official would have known. As such, they are each entitled to qualified immunity and an immediate dismissal of all claims raised against them in their individual capacities.

110. Plaintiff's action against the individual Defendants in their official capacities fails to state a claim upon which relief can be granted, as Monroe County, Tennessee is already a party. Accordingly, any claims asserted against the individual Defendants in their official capacities should be dismissed.

111. The Monroe County Defendants assert and rely upon any and all applicable privileges and immunities, including those under the of the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101, *et seq*., as such defenses may prove applicable under the facts of this cause. These Defendants further assert without limitation all immunities in said Act, and in particular, Tenn. Code Ann. § 29-20-205.

112. It is averred that punitive damages are not awardable against a governmental entity. Thus, any claim for punitive damages against Monroe County or against Defendants Jones or Mason in their official capacities should be dismissed.

30

113. It is averred that any search or seizure was conducted pursuant to judicially issued warrants supported by probable cause, and the Monroe County Defendants relied upon them in good faith.

114. The Monroe County Defendants deny any action that would constitute a violation of Plaintiff's constitutional rights under the First and Fourth Amendments.

115. The Monroe County Defendants assert that Plaintiff was lawfully charged and arrested for identity theft on March 13, 2026 under Tenn. Code Ann. § 39-14-150(c)(1)(B)-(C).

116. It is averred that Monroe County is not liable under a respondeat superior theory under applicable precedent.

117. Defendant Monroe County, Tennessee avers that Plaintiff's Complaint has not plausibly alleged an unconstitutional policy, custom or practice as required for municipal liability against Defendant Monroe County, Tennessee.

118. It is averred that any actions taken by the Monroe County Defendants in this instance were for legitimate, nonretaliatory law-enforcement purposes and not because of Plaintiff's protected speech or viewpoint.

119. To the extent that Plaintiff seeks to impose liability absent personal participation or causation, such claims must fail.

120. To the extent that any state-law claims are asserted against the Monroe County Defendants, they are barred by the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101, *et seq*.

121. The Monroe County Defendants aver that Plaintiff's damages, if any, are barred or reduced by her failure to mitigate her damages.

122. The Monroe County Defendants aver that any alleged injury is de minimis or not

31

proximately caused by the Monroe County Defendants.

123. The Monroe County Defendants acted in good faith within the scope of their discretionary duties and consistent with applicable law and policy.

124. To the extent applicable, some or all claims for declaratory or injunctive relief made by the Plaintiff are nonjusticiable for lack of standing, ripeness or because they are moot.

125. These Defendants are entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 and/or Tenn. Code Ann. § 29-20-113. These Defendants further maintain that they are entitled to all reasonable costs and other expenses they have incurred in the defense of this matter as the same is allowable by law.

126. The Monroe County Defendants reserve the right upon motion to plead more thoroughly as information is learned in the discovery process.

127. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Monroe County Defendants demand a jury of twelve (12) persons to try all contested issues that can be so tried by a jury.

WHEREFORE, the Monroe County Defendants respectfully request that Plaintiff's action be dismissed, that they be awarded their costs and attorney's fees pursuant to 42 U.S.C. § 1988, and further demand a jury of twelve (12) persons to try this cause.

RESPECTFULLY SUBMITTED this 12th day of May, 2026.

KRAMER RAYSON LLP

*/s/ Jonathan Swann Taylor*
Jonathan Swann Taylor, BPR #025094
800 South Gay Street, Suite 2500
P.O. Box 629
Knoxville, TN 37901-0629
Phone: (865) 525-5134
jstaylor@kramer-rayson.com
*Counsel for Monroe County Defendants*

32

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*/s/Jonathan Swann Taylor*
Jonathan Swann Taylor

33